**SO ORDERED.**

**SIGNED September 30, 2005.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

```
                UNITED STATES BANKRUPTCY COURT
                 WESTERN DISTRICT OF LOUISIANA

IN RE:

ELMO EUGENE GREEN                       Case Number: 04-20625

     Debtor                             Chapter 7
-----------------------------------------------------------------
SHIRLEY ANN GREEN

     Plaintiff

Versus                                  Adv. Number 04-2036

ELMO EUGENE GREEN

     Defendant
-----------------------------------------------------------------
                     REASONS FOR DECISION
-----------------------------------------------------------------
```

Elmo Eugene Green ("Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code[1] on June 1, 2004

_____

[1] Title 11, United States Code. References herein to sections of the Bankruptcy Code are shown as "section ___."

("Petition Date"). Shirley Ann Green, the Debtor's former spouse, timely filed this COMPLAINT OBJECTING TO DISCHARGEABILITY OF INDEBTEDNESS. The Complaint seeks a determination that the Debtor's obligation to the Plaintiff is not discharged pursuant to the provisions sections 523(a)(4), (6), and (15). A trial on the Complaint was held on May 12, 2005. After receiving evidence, the matter was taken under advisement.

## BACKGROUND

The Plaintiff and the Debtor were married in 1969. At the time of the marriage, the Debtor was a member of the United States Army, having entered the Army in 1967. He retired from the service on February 1, 1987. On July 13, 1999, Plaintiff filed for divorce and a judgment of divorce was entered on November 8, 1999. The judgment of divorce provided that—

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that both parties reserve their rights to any retirement accounts of the other party, and particularly the military retirement account of ELMO EUGENE GREEN.

In October 2000, Plaintiff's attorney wrote to the Director of the Defense Finance and Accounting Service ("DFAS") seeking to obtain for his client her portion of the military retirement benefits to which she was entitled. By letter dated October 14, 2000, the DFAS rejected the request, indicating that:

> The court order submitted must specifically provide for payment as a fixed amount or payment as a fixed

Page 2

> percentage of disposable retired/retainer pay. A
> clarifying order awarding a portion of the member's
> retired/retainer pay would be necessary.

Following this letter and being unable to obtain a consensual order, Plaintiff filed a PETITION TO PARTITION COMMUNITY PROPERTY. Both parties specifically listed the military retirement benefits on the detailed descriptive lists filed in that case. Further, the parties entered into a Joint Stipulation of Facts which was filed on December 12, 2003.

On January 9, 2004, the state court issued Written Reasons for Judgment. A Judgment was thereafter signed on April 13, and filed on April 19, 2004. In the Judgment, the state court found that the Debtor owed the Plaintiff the sum of $27,401.54 through December 31, 2003, in retirement benefits and further indicated that the parties should partition the retirement benefits through a Qualified Domestic Relations Order ("QDRO"). The Plaintiff did not receive her share of the military retirement benefits from January 2004 through September 2004.

Plaintiff alleges that the debt owed to her pursuant to the state court judgment in the amount of $27,401.54 as well as her portion of the military retired benefits received by the Debtor from January 1, 2004, to and including the Petition Date bankruptcy is nondischargeable under sections 523(a)(4), (6) and (15).

Page 3

**JURISDICTION**

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

**SECTION 523(A)(4)**

Section 523(a)(4) provides that a discharge does not discharge a debtor from any debt--

> for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

**A. WAS THERE A FIDUCIARY RELATIONSHIP BETWEEN PLAINTIFF AND DEFENDANT?**

In Matter of Bennett, 989 F.2d 779 (5th Cir. 1993), the court examined the nature of this portion of section 523(a)(4):

> The seminal case in this Circuit interpreting the discharge provision at issue is *Angelle v. Reed* (In re Angelle), 610 F.2d 1335 (5th Cir.1980). [Footnote omitted.] . . . . We held that the concept of fiduciary under 11 U.S.C. § 523(a)(4) is narrowly defined, applying only to technical or express trusts, and not those which the law implies from the contract. [Citations omitted.] In addition, the requisite trust relationship must exist prior to the act creating the debt and without reference

04-02036 - #42  File 09/30/05  Enter 09/30/05 14:09:06  Main Document  Pg 4 of 12

to that act. [Citation omitted.}  In other words, the trust giving rise to the fiduciary relationship must be imposed prior to any wrongdoing.  The debtor must have been a trustee before the wrong and without any reference to it. [Citation omitted.] Thus, a constructive trust is not sufficient to create a fiduciary relationship for purposes of the discharge provisions of the Bankruptcy Act. [Citations omitted.]

989 F.2d at 784.

The Sixth Circuit Court of Appeals in In re McCaffery, 96 F.3d 192 (6th Cir. 1996), found that a property settlement involving a pension plan created a constructive trust.  Under Louisiana law and jurisprudence, a fiduciary relationship exists between former spouses until the community regime has been divided and an accounting between the former spouses has been completed.[2]

In Friend v. Provenza, 316 BR 177, 217 (Bankr. E.D. La. 2003), after an exhaustive review of applicable law and jurisprudence, the court concluded that—

> The provisions of Article 2369.3 [of the Louisiana Civil Code], coupled with Louisiana state court jurisprudence, establish the creation of both a trust and fiduciary relationship, arising at the time that the marriage is dissolved and the community is terminated. This relationship exists regardless of any wrongdoing and without reference to a specific act creating any debt.

Based upon the sound reasoning of this well-written decision,

---

[2] Louisiana Civil Code Articles 2354, 2369 and 2809; Louisiana Revised Statutes 12:91; see also Queenan v. Queenan, 492 So.2d 902 (La. App. 3rd Cir. 1986) and Hodson v. Hodson, 292 So.2d 831 (La. Appeal 1974).

Page 5

the court concludes that upon the dissolution of their marriage in in November 1999, which terminated the community on July 13, 1999, a fiduciary relationship existed between Plaintiff and the Debtor with regard to property owned by the former community, which included entitlement to military retirement benefits.

**B.    WAS THERE A DEFALCATION?**

In the case of In re Felt, 255 F.3d 220, 226 (5th Cir. 2001), the Fifth Circuit made the following observation regarding "defalcation":

> The central issue in this case boils down to whether Felt's breaches constitute defalcation for purposes of § 523(a)(4), in which case, the debt at issue would be non-dischargeable in bankruptcy. The defalcation determination turns on the issue of whether Felt's breaches were "willful." *See Moreno v. Ashworth,* 892 F.2d 417, 421 (5th Cir.1990) (stating that "defalcation is a willful neglect of duty, even if not accompanied by fraud or embezzlement"); *see also Schwager v. Fallas,* 121 F.3d 177, 184, 185 (5th Cir.1997). This Court has described the "willful neglect" of fiduciary duty as "essentially a recklessness standard." *Schwager,* 121 F.3d at 185. Thus, willfulness is measured objectively by reference to what a reasonable person in the debtor's position knew or reasonably should have known. *See Roy v. Gravel,* 143 B.R. 825, 828 (W.D. La.1992), *aff'd,* 983 F.2d 1062 (5th Cir.1993). The objective standard charges the debtor with knowledge of the law without regard to an analysis of his actual intent or motive. *Id.* at 828.

The divorce judgment in November 1999 recognized that Plaintiff had an interest in the Debtor's military retirement benefits. While the exact amount of that entitlement was not recognized until 2004, a reasonable person in the Debtor's position

knew or should have known that his former spouse was entitled to a portion of his retirement pay. Notwithstanding this knowledge, the Debtor received funds in which Plaintiff had an interest and he failed to either preserve or turnover to her any portion of those benefits. The court finds that the Debtor's conduct satisfies the "defalcation" requirement of section 523(a)(4). This defalcation which acting in a fiduciary capacity therefore renders his debt to Plaintiff nondischargeable.

**SECTION 523(A)(6)**

Section 523(a)(6) provides that a discharge does not discharge a debtor from any debt--

> for willful and malicious injury by the debtor to another entity or the property of another entity;

While the Bankruptcy Code does not provide any definition of the phrase "willful and malicious," the courts of the United States have removed any confusion by virtue of dozens of reported cases.

The Fifth Circuit has defined the terms "willful and malicious" in the context of section 523(a)(6) as follows:

> On several occasions, "we have defined 'willful and malicious' under section 523(a)(6) to mean 'without just cause or excuse.' Willful means intentional and malicious adds the absence of just cause or excuse." Seven Elves, Inc. v. Eskenazi, 704 F.2d 241, 245 (5th Cir.1983); accord Chrysler Credit Corp. v. Perry Chrysler Plymouth, Inc., 783 F.2d 480, 486 (5th Cir.1986); see also 3 Collier on Bankruptcy P 523.16 (Lawrence P. King ed., 14th ed. 1979) (discussing the definition of "willful and malicious" as used in § 523(a)(6)).

Page 7

Matter of Garner, 56 F.3d 677, 681 (5th Cir. 1995). Further, the Fifth Circuit has held that "an injury is 'willful and malicious' where there is either an objective substantial certainty of harm or a subjective motive to cause harm." Matter of Miller, 156 F.3d 598 (5th Cir. 1998).

In the Miller decision, the court refined its prior decisions in order to comport with the then-recent Supreme Court decision of Kawaauhau v. Geiger, 118 S.Ct. 974, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). In Kawaauhau, the plaintiff had obtained a money judgment against the uninsured defendant, a physician, based upon medical malpractice. Plaintiff contended that the debt was nondischargeble under section 523(a)(6). The Supreme Court held, however, that debts arising from recklessly or negligently inflicted injuries do not fall within the willful and malicious injury. This finding resulted from a literal interpretation of the statute:

> The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." Or, Congress might have selected an additional word or words, *i.e.,* "reckless" or "negligent," to modify "injury." Moreover, as the Eighth Circuit observed, the (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the *consequences of an act,"* not simply *"the act*

Page 8

>     *itself." Restatement (Second) of Torts §§ 8A, Comment a,*
>     *p. 15 (1964) (emphasis added).*

523 U.S. at 62.

The court finds that the Plaintiff has failed to carry her burden of proof with respect to section 523(a)(6). There is no evidence to establish that the Debtor acted with any intent to do any harm to the Plaintiff by retaining the entirety of the funds.

The court notes that this conclusion is contrary to two decisions[3] rendered by my colleague, Judge Hunter, who presides over the Alexandria Division of the United States Bankruptcy Court for the Western District of Louisiana. Those cases, however, were decided prior to Kawaauhau, which added the requirement that there be a "deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury." 523 U.S. at 62. As stated above, the evidence adduced at the trial of this matter fails to convince the court that the Debtor had the intent to injure his former spouse.

### SECTION 523(A)(15)

Section 523(a)(15) provides in relevant part that:

>     (a) A discharge under section 727 . . . does not
>     discharge an individual debtor from any debt -
>
>                    *    *    *

---

[3] In re Russell, 141 BR 107 (Bankr. W.D. La. 1992), and In re Rose, 155 BR 394 (Bankr. W.D. La. 1993).

Page 9

> (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless -
>
>> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
>>
>> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

Section 523(a)(15) requires a two-step analysis. First, the creditor bears the burden of proof that the section applies in the first instance. Once this burden is satisfied, the burden shifts to the debtor to prove one of the exceptions applies, i.e., the debtor does not have the ability to pay the debt, or the balance of the equities favors discharging the debt.

The court finds that the debt clearly arises from the divorce and subsequent separation of property between the parties. Accordingly, section 523(a)(15) does apply and the burden shifts to the Debtor to prove that one of the exceptions applies.

The Debtor argues that he does not have the ability to pay the debt. The Debtor bears the burden of proof with respect to this

argument. The court has reviewed the Schedules I and J originally filed with the Debtor's bankruptcy case as well as the Amended Schedules I and J filed as evidence at the trial. While the Debtor's testimony provided an explanation as to why his income was reduced from the time that his schedules were filed in the bankruptcy case and the date of the trial, there was no explanation as to why there were additional expenses added to the list of expenses at the date of trial. Further, there was no testimony to support individual items listed on the list of expenses. Several of these items appear on their face to be excessive based upon the court's own experience with reasonable income and expenses of debtors in bankruptcy. For example, the expenses for telephone, food, clothing and charitable contributions appear to be excessive for a household of two people. As there was evidence to support the specific expenses, the court finds that the Debtor has failed to establish that he is unable to pay the debt owed to the Plaintiff.

Further, a review of the equities under the second exception clearly favors the Plaintiff. The Plaintiff works three jobs in order to support herself, her mother and her grandchildren. In addition to submitting a detailed schedule of income and expenses, the Plaintiff testified with regard to her individual expenses. Based upon a review of the evidence, the court finds that the detriment to the Plaintiff by discharging the debt would outweigh

any benefit to the Debtor. Therefore, the second exception to section 523(a)(15) does not apply.

As the Debtor has failed to establish that either exception applies, the court finds that section 523(a)(15) applies and requires a ruling that the debt owed by the Debtor to the Plaintiff is nondischargeable.

### CONCLUSION

Based upon the foregoing reasons, the court finds that the debt owed by the Debtor to the Plaintiff pursuant to the state court judgment in the amount of $27,401.54, as well the Plaintiff's portion of the military retired benefits received by the Debtor from January 1, 2004 through the Petition Date is nondischargeable pursuant to sections 523(a)(4) and 523(a)(15). Counsel for Plaintiff shall submit an order in conformity with the foregoing reasons within 45 days.

**IT IS SO ORDERED.**

###